[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The sole issue raised in the defendant's motion to dismiss is whether the result of a blood alcohol test that was obtained from an out-of-state hospital in Worcester, Massachusetts subsequent to subpoena issued by a Massachusetts grand jury may form the basis for a prosecution in Connecticut for operating a motor vehicle under the influence. See General Statutes §14-227a(a).
The arrest warrant affidavit disclosed the following facts which, for purposes of this motion, are not disputed.
The defendant was involved in a motor vehicle accident on July 31, 1997, in the Town of Woodstock. She was transported by air ambulance to the University of Massachusetts Medical Center. On October 10, 1997, the Connecticut State Police requested, via the District Attorney's office in Worcester, the services of the local grand jury to obtain a subpoena of the medical records of CT Page 2896 the defendant pertaining to treatment at the Medical Center. The subpoena issued. On February 20, 1998, the state police received a blood alcohol report from the Medical Center which revealed, after conversion, that the defendant's blood alcohol level was .160%. She was arrested by warrant dated April 22, 1998.
The defendant claims the warrant is defective because (1) the requirements for the seizure of the bloodtest set forth in §14-227a(1) were not followed[1] and (2) the Massachusetts grand jury procedure used to obtain the test result was violative of Massachusetts law.
Regarding the first claim, i.e., the failure to comply with the requirements of § 14-227a(1) causes the warrant to be defective, a recent decision in this district is noteworthy. InState v. Szepanski, judicial district of Windham, Docket No. MV 98-01863755 S (May 28, 1998), on appeal, Judge Schuman found the requirements of the statute to be applicable only (emphasis supplied) to hospital blood tests taken in this state and not to similar tests taken in other states. Judge Schuman further found that § 14-227a(1) does not govern the admissibility of blood alcohol tests taken at out-of-state hospitals. This court agrees and finds that failure to comply with the requirements of §14-227a(1) in obtaining the result of blood alcohol test does not cause the warrant to be defective.
The second claim of the defendant is that the issuance of the subpoena by the Massachusetts grand jury to obtain a blood alcohol report violated § 766 of Chapter 15, Rule 5 which says that a grand jury may not conduct an investigation for the primary purpose of helping the prosecutor prepare indictments for trial.
This claim was also discussed by Judge Schuman in State v.Szepanski, supra. In footnote 3 therein, he indicated as follows: "The Court finds no merit in the defendant's claim that the acquisition of the blood alcohol report by a Massachusetts grand jury subpoena violated Massachusetts law. Cf. Commonwealth v.Cote, 556 N.E.2d 45, 49 (Mass. 1990) ("it is improper to use the grand jury for the purpose of preparing an already pendingindictment for trial.") (emphasis added; internal citation omitted). Thus, contrary to the defendant's claim, the defendant was not prejudiced by his alleged inability to retain a Massachusetts lawyer to challenge the grand jury subpoena. In any case, there is no Constitutional requirement that a court in one CT Page 2897 state must suppress evidence because its acquisition violated the local law of a different state where the evidence was found. See
1 W. LaFave, Search and Seizure (3rd ed. 1996) sec. 1.5(c). P. 146."
This court adopts Judge Schuman's findings on the second claim as well. The defendant's motion to dismiss is denied.
Potter, J.